# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0983V
UNPUBLISHED

| | |
|---|---|
| JEANNE M. MISKE,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 28, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Nicole Kathryn Nobbe, Moore, Heffernan, et al., LLP, Sioux City, IA , for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On July 9, 2019, Jeanne M. Miske filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccination Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on September 27, 2018 in her right shoulder. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 16, 2020, I issued Findings of Fact ruling that "preponderant evidence establishes that the vaccination alleged as causal in this case was more likely than not administered to Petitioner in the right deltoid on September 27, 2018." ECF No. 22 at 5. On December 18, 2020, Respondent filed his Rule 4(c) report in which he

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.  Specifically, Respondent states that "[i]nitially DICP recommended defending this case due to the vaccine record reflecting that the flu vaccine was administered in petitioner's left arm. Ex. 2 at 7. Upon further review of the facts, the medical records in the case, and the Chief Special Master's Findings of Fact and Conclusions of Law, respondent has elected not to defend the issue of entitlement for this case." *Id.* at 3.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master